IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Lebert A. Gordon,           )
    Petitioner,        )
                        )
v.                          )        1:20cv 578 (CMH/TCB)
                        )
J. Andrews,                 )
    Respondent.        )

## MEMORANDUM OPINION AND ORDER

Lebert A. Gordon, a federal inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the calculation of his good time credits ("GTC") by the Bureau of Prisons ("BOP"). On July 23, 2020, respondent filed a motion to dismiss [Dkt. No. 7], with a brief in support, and provided petitioner with the notice required by Local Rule 7(K) and Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). [Dkt. Nos. 11, 12]. Petitioner has not filed a response and the matter is now ripe for adjudication. For the reasons stated below, respondent's motion to dismiss shall be granted, and the underlying petition dismissed.

In the § 2241 petition, Gordon asserted that the BOP had incorrectly computed his D.C. Educational Good Time (DCEGT) Credits. Specifically, Gordon "seeks the restoration of his previously earned and vested 63 days DCEGT Credits which he had earned" and a recalculation of his parole eligibility date to September 28, 2025. [Dkt. No. 1-1 at 9]. In response, the respondent states that the BOP audited Gordon's DCEGT credits on June 17, 2020 and restored the 63 credits at issue. [Dkt. No. 8-3 at 4]. In addition, the BOP has recalculated Gordon's

parole eligibility date as September 27, 2025. [Dkt. No. 8-2 at 4]. Gordon has not contested the crediting of the 63 days or the recalculation of the parole eligibility date.

"A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." Aragon v. Shanks, 144 F.3d 690, 691 (10th Cir. 1998) (citing Spencer v. Kemna, 523 U.S. 1, 7 (1998)). No case or controversy exists unless the petitioner has suffered an actual injury that can "be redressed by a favorable judicial decision." Spencer, 523 U.S. at 7 (citation omitted). Because Gordon has received the relief he requested his petition will be DISMISSED AS MOOT. See Williams v. Ozmint, 716 F.3d 801, 809 (4th Cir. 2013) ("A change in factual circumstances can moot a case ... such as when the plaintiff receives the relief sought in his or her claim."); Johnson v. Finnan, 252 F. App'x 98, 99 (7th Cir. 2007) (restoration of good time credits renders moot inmate's habeas challenge).

Accordingly, it is

ORDERED that the respondent's motion to dismiss [Dkt. No. 7] is GRANTED and the § 2241 petition [Dkt. No. 1] be and hereby is DISMISSED AS MOOT.

To appeal this decision, petitioner must file a written notice of appeal with the Clerk's office within sixty (60) days of the date of this Order. See Fed. R. App. P. 4(a). A written notice of appeal is a short statement indicating a desire to appeal, noting the date of the Order over which the party seeks review. Failure to file a timely notice of appeal waives the right to appeal this decision.

The Clerk is directed to enter judgment in favor of respondent pursuant to Federal Rule of Civil Procedure 58; to send copies of this Order to petitioner and counsel of record for respondent; and to close this civil action.

Entered this 8th day of Sept 2020.

/s/ Claude M. Hilton
United States District Judge

Alexandria, Virginia